UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:23-mj-00055-2 |
| ) | |
| BRITNY PARRIS, ) | |
| Defendant. ) | |

## MOTION FOR DETENTION

NOW COMES the United States of America, by and through counsel, Nikolas P. Kerest, United States Attorney for the District of Vermont, and Matthew J. Lasher, Assistant United States Attorney, and moves for pretrial detention of the above-named defendant pursuant to 18 U.S.C. § 3142(e) and (f).

1. Eligibility for Detention. The defendant is eligible for detention because she is charged with an offense for which the maximum sentence is more than ten years' imprisonment under the Controlled Substances Act. 18 U.S.C. § 3142(f)(1)(C).

2. Reason for Detention. The Court should detain the defendant because there is presently no condition or combination of conditions of release that would reasonably assure the safety of the community or the defendant's continued appearance.

3. Rebuttable Presumption. The United States does not invoke a rebuttable presumption in favor of detention under § 3142(e)(3)(A) at this time.

4. Time for Detention Hearing. The United States requests a continuance of the detention hearing for up to three days after the defendant's initial appearance, pursuant to 18 U.S.C. § 3142(f), to allow pretrial services the opportunity to prepare a complete bail report. If pretrial services has completed a fulsome bail report by the time of the initial appearance,

however, the United States would not seek a continuance and would recommend holding the detention hearing in conjunction with the initial appearance.

5. <u>Discussion</u>. The statutory factors weigh in favor of detention.

First, the nature of the charge is inherently serious given the types of controlled substances being distributed by the defendants, as well as the possession and use of firearms by some of the participants in their conspiracy. The conspirators distributed fentanyl on multiple occasions over several months, and at least one of the conspirators possessed multiple firearms in relation to the possession and distribution of the controlled substances and in a manner that was known to the defendant. In addition to distributing controlled substances herself, the defendant hosted drug traffickers in her Barton, Vermont residence for the specific purpose of bringing controlled substances into Orleans County for distribution.

Second, the evidence against the defendant is particularly strong. The defendant, who was identified as a primary resident at the West Road residence in Barton, personally distributed drugs in controlled purchases during this investigation. Investigators indicated she was readily recognizable in video recordings of the purchases. Following a search of the Barton residence on September 6, 2023, investigators took the defendant into custody, and she consented to an interview. The defendant admitted some aspects of her involvement in the distribution of controlled substances and the hosting of more than one set of drug traffickers in the preceding months, although she denied substantial involvement with drug sources in the last month.

Third, the defendant's history and characteristics suggest she represents a continuing danger to the community and may fail to appear at future proceedings. Her criminal conduct in this case was long-standing and appears to have been based at least in part on her own consumption of controlled substances. The defendant has a criminal history that appears to

include multiple misdemeanor convictions (in separate cases) for retail theft from June 2023, misdemeanor convictions for driving under the influence and cruelty to a child (two counts) from June 2023, and felony convictions (in separate cases) for a depressant/stimulant/narcotic sale and for a heroin sale from September 2019. Her criminal history report contains an entry that she has failed to appear at a court proceeding, but it does not document a specific occasion or occasions, and the United States has not yet obtained state court documents to verify her appearances and convictions—some of which may qualify for enhanced sentencing in the present case. Finally, the defendant was on furlough status from the Vermont Department of Correction during at least portions of her offense conduct in this case. Counsel for the United States spoke with a supervisor at the Newport (Vermont) Parole and Probation office, and she indicated that the defendant was in violation status and would be held by the state if she was released in the federal case.

The United States is unaware of the defendant being employed or having any legitimate income stream that would be disrupted if she fled. She has contacts in other states through her drug-trafficking connections, suggesting she would be able to depart this district and continue her activities elsewhere with relative ease. The United States is not aware of the extent of her ties to the community or the presence of family members around her, other than her partner with whom she was living at the Barton residence. But given the nature of the defendant's living arrangements and offense conduct, it appears she does not have adequate interaction with family members or support to facilitate her release. The defendant would presently pose a serious risk to the community if released, given her willingness to acquire and distribute controlled substances and tolerate the involvement of firearms to sustain her own consumption of controlled substances.

WHEREFORE the United States respectfully requests the Court detain the defendant pending further proceedings in this case.

Dated at Burlington, in the District of Vermont, September 6, 2023.

Respectfully submitted,

UNITED STATES OF AMERICA

NIKOLAS P. KEREST
United States Attorney

By: *(signature)*

Matthew J. Lasher
Assistant U.S. Attorney
Burlington, VT 05402-0570
(802) 951-6725
matthew.lasher@usdoj.gov